## Case No. 15,593.

UNITED STATES v. LENT et al.

[1 Paine, 417.] [1]

Circuit Court, S. D. New York. April Term, 1825.

EVIDENCE — AUTHENTICATED COPIES — DISBURSING OFFICER—ACCOUNTING.

1. The provision in the second section of the act of the 3d of March, 1797 [1 Stat. 512], as to the admission in evidence of authenticated copies of bonds, contracts, and other papers, is not restricted to cases where suits are commenced under the authority given by the first section of the act, but applies to all cases where the evidence is required.

[Cited in Bechtel v. U. S., 101 U. S. 600.]

2. Where a battalion quarter-master gave a bond to the United State, conditioned "to expend faithfully all public monies and to account for all public property" it was held, that he was bound to account not with the quarter-master general, but the treasury department, and that this obligation extended to public monies as well as public property, and to monies expended by him while acting as a deputy of the quarter-master general; and a claim for credit which had never been presented at the treasury, was rejected.

3. Utility of the law requiring accounts against the United States to be presented at the treasury, before they can be used in a suit.

Error to the district court of the United States for the Southern district of New York.

The plaintiffs declared in the court below, upon a bond executed by the defendants to the plaintiffs, on the 22d day of August, 1816, in the penal sum ot 5,000 dollars, with the following condition. "The condition of this obligation is such, that whereas the above bounden Lieut. James W. Lent, Jr., has been appointed a battalion quarter-master in the corps of artillery, and has accepted said appointment. Now, if the said Lieut. James W. Lent, Jr., shall and doth at all times henceforth and during his holding and remaining in said office, faithfully expend all public monies. and honestly account for all public property which may come into his hands in his said capacity of battalion quarter-master, without fraud or delay, then the above obligation to be void, otherwise to remain in full force and virtue. J. W. Lent, Jr. J. W. Lent." Breaches were assigned by negativing the words of the condition of the bond, and the defendant pleaded the general issue and performance.

On the trial the plaintiffs gave in evidence a copy of the bond, duly authenticated, under the act of congress, and also an authenticated transcript of the account of J. W. Lent, Jr., as adjusted at the treasury department, stating a balance against him of $5,962.99. J. W. Lent, Jr., had acted in his capacity of battalion quarter-master, as deputy to Colonel Mullany, who was quarter-master general; and the defendants offered in evidence, an account made by his direction, between Lent and the United States, containing items credited to Lent, which appeared never

[1] [Reported by Elijah Paine, Jr., Esq.]

to have been presented to the accounting officers at the treasury department. This was accompanied with evidence, that Lent had paid monies, receipts for which were taken in the name of Col. Mullany, and by some other circumstances of the same kind. The plaintiffs objected to the admission of this account as evidence, but the objection was overruled, and the jury found a verdict for the defendants. [Case unreported.] The cause was thereupon removed to this court upon a bill of exceptions.

R. Tillotson, for plaintiff.

D. B. Ogden and R. I. Wells, for defendants.

THOMPSON, Circuit Justice. This case comes up on a writ of error to the district court of the United States for the Southern district of New York, and the question presented for the decision of this court, arises upon a bill of exceptions taken at the trial. The action is founded upon a bond given by the defendants below, with a condition, that J. W. Lent, Jr., a battalion quarter-master in the corps of artillery, should at all times during his holding said office, faithfully expend all public monies, and honestly account for all public property that should come into his hands, in his capacity of battalion quarter-master.

Upon the trial, the defendants offered in evidence for the purpose of showing that the battalion quarter-master had duly accounted, an account made out under the direction of Col. Mullany, the quarter-master general, by which the balance against Lent is stated to be eighteen hundred and eight dollars ninety-nine cents; whereas by the treasury statement, it appears to be five thousand nine hundred and sixty-two dollars ninety-nine cents. This was objected to, on the ground that it did not appear that the credits claimed had been presented to the accounting officers of the treasury. This objection was overruled, and the account admitted. And whether properly admitted or not, is the question to be decided.

Upon the argument, however, another question was made on the part of the defendants in error, as to the admissibility in evidence of a certified copy of the bond, upon which the action is founded, which although not properly arising upon the case, may be very shortly disposed of. It would be a sufficient answer, that no objection was made upon the trial to the evidence; but had an objection been made, it would have been unavailable. This copy was duly certified in the manner directed by the act of congress of the 3d of March, 1797 (2 Bior. & D. Laws, 594 [1 Stat. 512]), which declares, that all copies of bonds, contracts, or other papers, relating to, or connected with, the settlement of any accounts between the United States and an individual, when certified by the register to be true copies of the originals on file, and authenticated under the seal of the department, shall have equal validity, and be entitled to the same, degree of credit, which would be due to the original papers, if produced and authenticated in court. With a proviso, as to certain cases where the plea is verified by an oath, which, however, does not apply to the present case. The construction contended for, on the part of the plaintiffs in error, that this provision, as to the admission of authenticated copies, is restricted to certain cases, where suits are commenced under authority given by the first section of the act, cannot be sustained, although it is not perceived why the present is not such a case. But the provision is general, and applies to all cases where the evidence is required; and is founded upon a prudent precaution to guard against the loss of the original.

But the account offered on the part of the defendant, and admitted by the court, was not competent evidence. It cannot be taken out of the prohibition contained in the 4th section of the act already referred to, which declares, that in suits between the United States and individuals, no claim for a credit shall be admitted upon the trial, but such as shall appear to have been presented to the accounting officers of the treasury for their examination, and by them disallowed, in whole or in part, unless it should be proved to the satisfaction of the court, that the defendant is at the time of trial in possession of vouchers, not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the treasury, by absence from the United States, or some unavoidable accident. It was not pretended upon the trial, that this case came within the special exceptions in the act.

But it is said, that the battalion quarter-master was not bound to account to the United States, but only to the quarter-master general, and that this section of the act does not therefore apply to the case. I am unable to discover any ground upon which this position can be sustained. This bond is given to the United States, and it is not pretended but that it was given pursuant to the requirements of law. It is certainly not a bond given to, or for the benefit of, the quarter-master general. The account is to be rendered by the battalion quarter-master to the United States, according to the true interpretation of the provisions of this bond. He might perhaps account through the quarter-master general; but there can be no doubt but the United States have a right to call upon him to account for all public monies received by him for disbursements. And, these accounts must be submitted to the accounting officers of the treasury department, and they are to judge in the first instance of their sufficiency. And this is a regulation founded upon the soundest principles of public policy. If officers entrusted with the disbursement of public monies were left to account only in the courts of justice, and upon the trial of suits brought against them, it would leave the state of public accounts in endless confusion and uncertainty.

It was urged on the argument, that by the terms of the bond, J. W. Lent, Jr., is only bound faithfully to expend all public monies, but is not required to account for such expenditure, to the government, but that it is enough for him to account therefor upon the trial; that the obligation to account relates to public property, and not money received for disbursement. This is too narrow a construction of the bond, and cannot comport with the object thereof, or the true intent and understanding of the parties. But admitting the bond as to the disbursement of monies, only requires a faithful expenditure, who is to judge whether there has been such faithful expenditure? The act of congress has answered the question, by requiring this to be submitted in the first instance, to the accounting officers of the treasury, and if disallowed there, the claim may be set up on the trial of the cause against such disbursing officer. This is imposing on the party no hardship, or precluding him from the ultimate decision of the courts of justice upon the merits of such claim. Such is the obvious construction to be given to the act of congress, and it has been so considered by the supreme court of the United States in the case of Walton v. U. S., 9 Wheat. [22 U. S.] 651.

The judgment of the court below, must accordingly be reversed.